**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| KEPHREN THOMAS, ) | |
| ID # 15007398, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:14-CV-4335-G (BH) |
| ) | |
| LUPE VALDEZ, Sheriff, ) | Referred to U.S. Magistrate Judge |
| Dallas County, Texas, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Respondent's Motion to Dismiss Under Fed. R. Civ. P. 41(b)*, filed on September 16, 2015 (doc. 16). Based on the relevant filings and applicable law, the motion should be granted, and case should be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or follow orders of the Court.

**I. BACKGROUND**

Kephren Thomas (Petitioner), an inmate incarcerated in the Dallas County Jail, filed a petition for habeas corpus relief under 28 U.S.C. § 2241 on December 10, 2014. (*See* doc. 3) By order dated December 15, 2014, Petitioner was granted leave to proceed *in forma pauperis*. (doc. 6) In that same order, Petitioner was specifically warned that he "must immediately advise the Court of any change of address and its effective date", and that failure to do so could result in the dismissal of the action for failure to prosecute. (*Id.*) Sheriff Lupe Valdez (Respondent) contends that Petitioner was released from the Dallas County Jail on August 5, 2015, and failed to provide the Court with a new address. (doc. 16) Petitioner was given an opportunity to respond by order dated September 17, 2015. (doc. 17) That order, as well as a previous order, have been returned as undeliverable and marked "Return to Sender. Not in Dallas County Jail."

(docs. 18, 19.) Petitioner has not filed any notice of a change of address, or anything else since his initial petition or otherwise shown that he intends to proceed with this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to provide any notice of his change of address as ordered, and two orders have been returned as undeliverable. Because Petitioner has provided no means for to contact him, he has not shown that he intends to proceed with this action. This action should be dismissed without prejudice for failure to prosecute or follow court orders.

## III.  RECOMMENDATION

The respondent's motion should be granted, and this case should be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders.

**SIGNED this 25th day of February, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE